IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Thomas Mulhearn, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 5032 |
| NCO Financial Systems, Inc., a Pennsylvania corporation, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Thomas Mulhearn, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Thomas Mulhearn ("Mulhearn"), is a citizen of the State of Colorado, from whom Defendant attempted to collect a delinquent consumer debt he owed for a Capital One credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, NCO Financial Systems, Inc., is a Pennsylvania corporation ("NCO") that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in 33 states, including offices in the State of Illinois, Defendant NCO operates a nationwide debt collection business, and attempts to collect debts from consumers in every state, including consumers in the State of Illinois. In fact, Defendant NCO was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Mulhearn.

5. Defendant NCO is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, NCO conducts business in Illinois.

6. Moreover, Defendant NCO is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, NCO acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Mr. Mulhearn is a senior citizen, with limited assets and income, who fell behind on paying his bills, including one he owed to Capital One. When Defendant NCO began collection actions on that delinquent debt, Mr. Mulhearn sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant NCO's collection actions.

8. Accordingly, on August 5, 2009, one of Mr. Mulhearn's attorneys at LASPD told NCO, in writing, that Mr. Mulhearn was represented by counsel, and directed that NCO cease contacting him, and cease all further collection activities

because Mr. Mulhearn was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant NCO sent Mr. Mulhearn a collection letter, dated July 7, 2010, demanding payment of the Capital One debt. A copy of this letter is attached as Exhibit D.

10. Accordingly, on July 27, 2010, Mr. Mulhearn's LASPD attorney had to send Defendant NCO another letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

11. Defendant NCO's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant NCO's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Mr. Mulhearn's agent, LASPD, told Defendant NCO to cease communications and to cease collections (Exhibit C). By continuing to

communicate regarding this debt and demanding payment, Defendant NCO violated § 1692c(c) of the FDCPA.

16. Defendant NCO's violation of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692e Of The FDCPA – False Statements

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, see 15 U.S.C. § 1692e.

19. In its July 7, 2010 letter, Defendant NCO falsely stated that "PURSUANT TO OUR AGREEMENT, THIS LETTER IS TO CONFIRM THAT THE ABOVE CREDITOR WILL ACCEPT THE OF . . . AS SETTLEMENT . . ." (Exhibit D).  In fact, there was no "agreement" to settle the debt, as NCO purported to "confirm".  NCO's statement was false, in violation of § 1692e of the FDCPA.

20. Defendant's violation of § 1692e of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Thomas Mulhearn, prays that this Court:

1. Find that Defendant NCO's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Mulhearn, and against Defendant NCO, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Thomas Mulhearn, demands trial by jury.

Thomas Mulhearn,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: August 11, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com